# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

——————————

**No. ACM S32641 (f rev)**

——————————

**UNITED STATES**
*Appellee*

**v.**

**Reymundo HERNANDEZ, Jr.**
Airman (E-2), U.S. Air Force, *Appellant*

——————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 22 December 2020

——————————

*Military Judge:* Bryon T. Gleisner.

*Sentence:* Sentence adjudged on 17 December 2019 by SpCM convened at Kirtland Air Force Base, New Mexico. Sentence entered by military judge on 23 January 2020: Bad-conduct discharge, confinement for 6 months, reduction to E-1, and a reprimand.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF; Captain Alexander A. Navarro, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges.*

——————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

——————————

PER CURIAM:

In accordance with Appellant's pleas pursuant to a plea agreement, a special court-martial composed of a military judge sitting alone found Appellant

guilty of one specification of wrongful broadcast or distribution of intimate visual images, in violation of Article 117a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 917a, two specifications of indecent recording, in violation of Article 120c, UCMJ, 10 U.S.C. § 920c, and one specification of obstructing justice, in violation of Article 131b, UCMJ, 10 U.S.C. § 931b.[1]

As part of his plea agreement with the convening authority, Appellant waived his right to a trial by members and requested to be tried by military judge alone. As such, the provisions outlined in Rule for Courts-Martial (R.C.M.) 705, *Plea agreements* and R.C.M. 1002(d)(2), *Sentencing determination*, applied to Appellant's case.[2] Allowing for consecutive and concurrent sentences, the intent of the parties regarding adjudged confinement was that the total minimum confinement would be three months and the total maximum would be 10 months. There were no other limitations in the plea agreement.

On 17 December 2019, the military judge accepted the plea agreement and it became binding on the parties and the court-martial. *See* Article 53a(d), UCMJ, 10 U.S.C. § 853a(d); *see also* R.C.M. 1002(a)(2) ("the court-martial shall sentence the accused in accordance with the limits established by the plea agreement"). Consistent with the sentence the military judge announced, including the segmented sentencing for confinement, and the sentence limitations established by the plea agreement, Appellant was sentenced to a bad-conduct discharge, confinement for six months, reduction to the grade of E-1, and a reprimand. On 22 January 2020, the convening authority took no action on the findings or sentence.[3] On 23 January 2020, the military judge signed the entry of judgment (EoJ).

This case was submitted for our review on its merits without assignment of error. However, in our review under Article 66, UCMJ, 10 U.S.C. § 866, we identified a post-trial processing issue with the EoJ. We also noted the record

---

[1] All offenses occurred after 1 January 2019. Thus, all references to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.). Further, the Military Justice Act of 2016, National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5001–5542 (23 Dec. 2016), as fully implemented by Exec. Order 13,825, 83 Fed. Reg. 9889 (8 Mar. 2018), applied to Appellant's court-martial and post-trial processing.

[2] *See* Exec. Order 13,825, §§ 5 and 10, 83 Fed. Reg. at 9890–91.

[3] Appellant was found guilty of charges and specifications that alleged the commission of offenses on or after 1 January 2019. Consequently, and based on the offenses and Appellant's sentence, Article 60a, UCMJ, 10 U.S.C. § 860a, and R.C.M. 1109, guided the convening authority's decision on action. *See* Exec. Order 13,825, §§ 3(a), 5, and 6(b), 83 Fed. Reg. at 9890.

was incomplete, as attachments to a stipulation of fact were not included in the record. On 21 August 2020, we remanded Appellant's record of trial to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the EoJ. *United States v. Hernandez*, No. ACM S32641, 2020 CCA LEXIS 277 (A.F. Ct. Crim. App. 21 Aug. 2020) (unpub. op.). On 17 September 2020, the military judge signed a corrected EoJ, and on 21 September 2020, the military judge then signed a certificate of correction addressing the corrections to the EoJ, and forwarding the attachments to the stipulation of fact in accordance with R.C.M. 1112(d)(2). On 28 September 2020, Appellant's case was re-docketed with this court, with a corrected EoJ and the attachments to the stipulation of fact that had been missing. These issues are now moot.[4]

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[4] We note the Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).